UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :     **ORDER DENYING ADVANCEMENT**
            -against-               :     **SENTENCING HEARING**
                                    :     **Docket No. 19-cr-535**
RAYMOND ORWIN PTOLEMY HARRY, :
            Defendant.              :
----------------------------------------------------------x

**Dora L. Irizarry, United States District Judge:**

Defendant was charged by a two-count indictment filed on November 13, 2019 with importation of over 500 grams of cocaine and possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(B)(ii) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II), respectively, based on his arrest on October 27, 2019 at John F. Kennedy International Airport for his possession of approximately 1.196 kg. of cocaine contained in his luggage. Defendant, who has no legal status in the United States, has been in custody since the date of his arrest. On January 12, 2020, defendant pled guilty to both counts in the indictment without entering into a plea agreement with the government. The Presentence Report ("PSR") was disclosed timely on March 20, 2020 and sentencing currently is scheduled for June 3, 2020.

By letter dated March 26, 2020, defendant, through his counsel, seeks to advance his sentence hearing essentially citing the current coronavirus/COVID-19 pandemic ("COVID-19") and the purported "special dangers posed to inmates by the current public health crisis and what [counsel] believe[s] is a strong case for a time served sentence. . . ." Def. 03/26/20 Ltr., Dkt. Entry No. 13. Defense counsel represents that the government has no objection to the request, although the government has not submitted any written response thereto. *Id.* Defense counsel also filed a

sentencing memorandum on behalf of defendant the same day. Def. Sent. Mem., Dkt. Entry No. 12. For the reasons discussed below, defendant's request is denied.

As an initial matter, defendant has a due process right to be present at all stages of a criminal case, especially at sentencing. *Morales v. U.S.,* 651 Fed. Appx. 1, 4-5 (2d Cir. 2016)(Unpubl. Summ. Order). Criminal punishment impacts the most fundamental of human rights, liberty, and there are many important policy reasons why the physical presence of the defendant at sentencing is critically important: to insure the defendant has the opportunity to (1) challenge the accuracy of the information upon which the court is relying; (2) present any mitigating evidence he may have: and (3) make a personal statement. *U.S. v. Brown,* 879 F.3d 1231, 1236-37 (11th Cir. 2018)(relying on *U.S. v. Prouty,* 303 F.3d 1249, 1251 (11th Cir. 2002).

Of equal importance, defendant is entitled to the effective assistance of counsel under the Sixth Amendment to the Constitution, a right that is difficult to give any meaningful adherence to if defendant and defense counsel are not together in the same place at the same time.

For these policy reasons, among others, Fed. R. of Crim. P. 43 forbids sentencing via videoconferencing or teleconferencing, even if the defendant, defense counsel and the government consent to such a procedure. *See, U.S. v. Bethea,* 888 F.3d 864 (7th Cir. 2018), *U.S. v. Jones,* 410 F. Supp2d 1026 (D.N.M. 2005); *U.S. v. Walker,* 2016 WL 9776580, at *6 (D.N.M. Oct. 2, 2016). Notably, Rule 43 expressly permits a defendant to waive his presence at sentencing for *misdemeanors*. The Rule has no similar provision for a felony sentencing. Amendments permitting videoconferencing did not extend to sentencing proceedings, which were not addressed by the videoconferencing and waiver amendments of 2002 and 2011.

The applicability of Rule 43 is complex and raises myriad policy and constitutional issues, none of which have been raised by the parties here. The Court is loath to thrust the Rule aside

without careful analysis of the implications of doing so, even if the parties are willing to do so, especially where, as here, defendant pled guilty without a plea agreement and without any appellate waiver.

However, against this backdrop, the Court is mindful that we currently are experiencing a health crisis of global proportions, the COVID-19 pandemic. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic pursuant to the National Emergencies Act (50 U.S.C. § 1601, *et seq.*). In addition, the Governor of New York has banned mass gatherings in the state, encouraged persons in the state to remain at home and to limit personal contact, and ordered the closure of non-essential businesses, among other steps taken to prevent the spread of COVID-19.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which authorized the Judicial Conference of the United States ("JCUS") to provide authority to Chief District Judges to permit the conduct of certain criminal proceedings by video or audio conference. The President signed the CARES Act into law on March 27, 2020. On March 29, 2020, the JCUS made the appropriate findings under the CARES Act. On March 30, 2020, the Chief Judge of this District issued Administrative Order No. 2020-13, pursuant to her authority under the CARES Act. Paragraph 2 of the Administrative Order, at https://www.nyed.uscourts.gov , grants the judges of this district the discretion to hold felony sentencing proceedings by videoconferencing or teleconferencing, if videoconferencing is not available, on the consent of the defendant upon consultation with counsel, if the judge "in individual cases find[s], for specific reasons, that . . . sentencings in those cases cannot be further delayed without serious harm to the interests of justice, . . . ."

Under the circumstances of this case, this Court does not find that sentencing "cannot be further delayed without serious harm to the interests of justice." There is no correlation between defendant's eye condition and any increased risk in contracting COVID-19. There is not enough evidence of such a correlation, much less clear and convincing such that it would justify advancing the sentence date and conducting proceedings via video or audio conferencing. Defendant does not have any of the conditions that would put him in the category of those most vulnerable to contracting COVID-19. *See generally,* www.cdc.gov .

Most notably, defense counsel's application, despite his representations to the contrary, is based on rather presumptuous assumptions that this Court would concur with his sentence recommendation of time served (approximately five months, which would be a substantial downward variance from the projected guidelines range of 24 to 30 months), and his analysis about the effect of the mandatory minimum on the overall sentence guideline range, despite the application of the safety valve pursuant to U.S.S.G. § 5C1.2(b), and other arguments contained in his sentencing memorandum.

The PSR was disclosed on March 20, 2020. Defendant has submitted objections to the PSR. Apparently, the government did as well, although the Court did not receive the government's letter in violation of the Court's protocols for sentencing. On March 30, 2020, the Probation Department filed an Addendum to the PSR addressing the parties' concerns. Dkt. Entry No. 14. The Court has its own corrections to make to the PSR, which it has not disclosed yet. Suffice it to say that this case has proceeded quickly.

It bears noting that defendant has an Immigration and Customs Enforcement ("ICE") detained lodged against him. There is hardly a guarantee that defendant will face less potential COVID-19 exposure at the MDC as opposed to an immigration detention facility given the

numerous reports in the press concerning the lack of humane treatment of immigrants in those facilities, including the lack of any medical care and food, and the cramming of people in large pens.

Finally, the Court has been made aware that the Metropolitan Detention Center in Brooklyn ("MDC"), where the defendant is being held, currently does not have the capability of videoconferencing, but efforts are being made to make it available in the near future. For all of the foregoing reasons, the Court will adhere to the sentencing hearing date of June 3, 2020.